**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

EUGENE I. KELLY,                    :
                                    :   Civil Action No. 08-3795 (JBS)
            Plaintiff,              :
                                    :
                                    :
            v.                      :   **OPINION**
                                    :
JOSEPH D. SWIFT,                    :
                                    :
            Defendant.              :


**APPEARANCES:**

     EUGENE I. KELLY, Plaintiff pro se
     #164876
     Atlantic County Justice Facility
     5060 Atlantic Avenue
     Mays Landing, New Jersey 08330

**SIMANDLE,** District Judge

     Plaintiff Eugene I. Kelly ("Kelly"), currently a state
inmate confined at the Atlantic County Justice Facility in Mays
Landing, New Jersey, seeks to bring this action in forma
pauperis, alleging violations of his constitutional rights under
42 U.S.C. § 1983.  Based on his affidavit of indigence, the Court
will grant plaintiff's application to proceed in forma pauperis
pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the
Court to file the Complaint.

     At this time, the Court must review the Complaint, pursuant
to 28 U.S.C. § 1915(e)(2), to determine whether it should be
dismissed as frivolous or malicious, for failure to state a claim

upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed for failure to state a claim at this time.

## I.  BACKGROUND

Kelly brings this action, pursuant to 42 U.S.C. § 1983, against defendant Joseph D. Swift, plaintiff's defense attorney in his state court criminal proceedings.  He asserts that his counsel was ineffective because he did not represent plaintiff to the "fullest."  Kelly alleges that defendant did not investigate the lies told by police officers during his suppression hearing. Kelly also complains that counsel did not investigate why plaintiff did not have a probable cause hearing, and did not send out any investigators to find witnesses on plaintiff's behalf. Kelly states that counsel only encouraged plaintiff to plead guilty.  (Complaint, Caption and ¶¶ 3B, 4).

Kelly seeks $3 million in damages from defendant.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss

2

any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Here, plaintiff was a prisoner who is proceeding in forma pauperis, and he is asserting claims against government prison officials with respect to incidents occurring while he was confined. Consequently, this action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because he is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

In short, a pro se prisoner plaintiff simply need comply with the pleading requirements of Rule 8(a)(2)(complaint should contain "a short and plain statement of the claim showing that

3

the pleader is entitled to relief"). <u>See</u> <u>Erickson</u>, 127 S.Ct. at
2200.  Thus, a complaint must plead facts sufficient at least to
"suggest" a basis for liability.  <u>Spruill v. Gillis</u>, 372 F.3d
218, 236 n. 12 (3d Cir. 2004).  "Specific facts are not
necessary; the statement need only 'give the defendant fair
notice of what the ... claim is and the grounds upon which it
rests." <u>Erickson</u>, 127 S.Ct. at 2200 (citations omitted).

> While a complaint ... does not need detailed factual
> allegations, a plaintiff's obligation to provide the
> "grounds" of his "entitle[ment] to relief" requires more
> than labels and conclusions, and a formulaic recitation of
> the elements of a cause of action will not do, <u>see</u> <u>Papasan</u>
> <u>v. Allain</u>, 478 U.S. 265, 286 (1986)(on a motion to dismiss,
> courts "are not bound to accept as true a legal conclusion
> couched as a factual allegation").  Factual allegations must
> be enough to raise a right to relief above the speculation
> level. ...

<u>Bell v. Atlantic Corp. v. Twombly</u>, 550 U.S. ___, 127 S.Ct. 1955,
1964-65 (2007)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).
Accordingly, a pro se prisoner plaintiff may allege only enough
factual matter (taken as true) to suggest the required elements
of the claim(s) asserted.  <u>Twombly</u>, <u>supra</u>; <u>Phillips v. Allegheny</u>,
515 F.3d 224, 234-35 (3d Cir. 2008).

A complaint is frivolous if it "lacks an arguable basis
either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319,
325 (1989) (interpreting the predecessor of § 1915(e)(2), the
former § 1915(d)).  The standard for evaluating whether a
complaint is "frivolous" is an objective one. <u>Deutsch v. United</u>
<u>States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the

United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.  ANALYSIS

Plaintiff asserts a claim of ineffective assistance of counsel against his defense attorney in his state court criminal proceedings.  Such a claim is not cognizable at this time.

First, Kelly's counsel is not subject to liability under § 1983 because he is not a state actor.  A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk Co. v. Dodson, 454 U.S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law);

6

Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-
retained counsel does not act under color of state law when
representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir.
1972) (court-appointed pool attorney does not act under color of
state law).

Second, even if Kelly had pleaded facts establishing that
his counsel was acting under color of state law, which he does
not, any claim concerning a violation of plaintiff's right to
effective assistance of counsel must first be raised in Kelly's
ongoing state criminal case.  A federal court generally will not
intercede to consider issues that the plaintiff has an
opportunity to raise before the state court.  See Younger v.
Harris, 401 U.S. 37 (1971).

Moreover, to the extent that Kelly's criminal trial is no
longer pending, and he has been convicted and sentenced on the
state charges, any claim of ineffective assistance of counsel in
this regard must first be exhausted via state court remedies,
*i.e.*, by direct appeal or other available state court review; and
then, if appropriate, by filing a federal habeas application to
assert any violations of federal constitutional or statutory law,
namely, his claim of ineffective assistance of counsel.  Preiser
v. Rodriquez, 411 U.S. 475 (1973).

Here, it is not entirely clear whether plaintiff's state
court criminal case is ongoing.  It appears from the allegations
in the Complaint that Kelly may have been convicted and sentenced

7

already.  Therefore, Kelly must pursue his ineffective assistance of counsel claim on direct appeal, or in a state post-conviction relief proceeding, and then, by way of a federal habeas petition under 28 U.S.C. § 2254, before he can bring this action for damages under § 1983.

Accordingly, this Court finds that any claim purporting to assert liability under § 1983 for ineffective assistance of trial counsel must be dismissed for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

V.   CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed without prejudice, in its entirety, for failure to state a claim at this time.  An appropriate order follows.


                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE
                                    United States District Judge

Dated: **August 4, 2008**